UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:01cr126 (SRU) |
| KENNETH BRICKHOUSE | |

## ORDER TO SHOW CAUSE

On October 9, 2001, Kenneth Brickhouse pled guilty to the following charges; (1) Possession With Intent to Distribute and Distribution of Cocaine Base, (2) Use and Carrying a Firearm in Connection With a Drug Trafficking Offense, and (3) Felon in Possession of a Firearm. On January 24, 2002, I sentenced Brickhouse principally to 132 months' imprisonment. In calculating Brickhouse's Sentencing Guidelines range, I computed his criminal history category to be a VI. I arrived at that calculation as follows; Brickhouse's prior convictions resulted in 10 criminal history points, two additional points were added because he committed the instant offenses while on probation, and one additional point was added because Brickhouse committed the instant offenses less than two years after his release from prison. A criminal history score of 13 yielded a criminal history category of VI.

Brickhouse subsequently filed the instant petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. In his petition, Brickhouse raises an ineffective-assistance-of-counsel claim pursuant to *Strickland v. Washington*. He argues that his counsel was ineffective because he failed to object to his criminal history computation. Specifically, Brickhouse asserts that he was not on probation at the time he committed the instant offenses, so he should not have received two additional criminal history points.

Raymond Lopez, Senior U.S. Probation Officer, drafted Brickhouse's pre-sentence report,

which summarized Brickhouse's prior convictions and DOC custody records, and calculated Brickhouse's criminal history category.[1] Lopez has also recently filed an affidavit ("Lopez Affidavit") supporting his summary and calculation, to which Lopez attached documentary support. According to ¶ 23 of the presentence report, and according to the Lopez Affidavit and the attached documentation, it appears that Brickhouse was, in fact, on probation at the time he committed the instant offenses.

As such, Brickhouse is hereby **ORDERED TO SHOW CAUSE** why his petition should not be denied on the grounds that his criminal history score was accurately calculated, and specifically, why he was not on probation at the time he committed the instant offenses. Any response to this order shall be filed within 45 days, and shall include the specific facts set forth in the pre-sentence report, and in the Lopez Affidavit, to which he objects. Any response shall also provide the specific reasons for Brickhouse's objections, and any evidentiary support for those objections.

So Ordered.

Dated at Bridgeport, Connecticut, this 30th day of April 2008.

                                                                  /s/ Stefan R. Underhill
                                                                    Stefan R. Underhill
                                                                    United States District Judge

---

[1] At Brickhouse's sentencing, I adopted that report as the factual findings of the court.