UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENNETH BRICKHOUSE,
    Petitioner,

    v.

UNITED STATES OF AMERICA,
    Respondent.

CRIMINAL NO.
3:01cr00126 (SRU)

## RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Petitioner, Kenneth Brickhouse, has filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, principally raising an ineffective assistance of counsel claim.  For reasons that follow, his petition is denied.

I.    **Background**

On June 6, 2001, a grand jury returned a three-count indictment against Kenneth Brickhouse.  Count One charged possession with intent to distribute cocaine base/crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); Count Two charged knowingly using and carrying a firearm, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and Count Three charged knowingly possessing a firearm, which had been transported in interstate commerce, after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On October 9, 2001, Brickhouse, entered a guilty plea based on a plea agreement letter with the government ("Plea Agreement").  At the change of plea hearing ("Plea Hearing"), the details of the Plea Agreement, including the operation of the United States Sentencing Guidelines, were discussed.[1]

---

[1] At the time of Brickhouse's plea and sentencing, the Sentencing Guidelines were mandatory.

On January 24, 2002, I sentenced Kenneth Brickhouse to a total of 132 months in prison, on three counts, followed by a three-year term of supervised release on each count to run concurrently.  The sentence was based upon an offense level of 19 and Criminal History Category of VI, resulting in a Sentencing Guideline range of 123-138 months.[2]

On February 1, 2002, Brickhouse filed an appeal from the decision to deny his request to strike two paragraphs from his presentence report.[3]  The Court of Appeals affirmed the judgment.

On October 8, 2004, Brickhouse filed *pro se*, a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  In the petition, Brickhouse claims that the Criminal History Category assigned to him was incorrect and that he had ineffective counsel because his counsel failed to challenge the criminal history points assigned to him.  Brickhouse also appears to claim that his sentencing violated *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

## II.    Discussion

Brickhouse brings an ineffective assistance of counsel claim based on his counsel's failure to object to the determination that he was on probation at the time of his arrest.  I found that he was on probation at the time that he committed the present offenses, which resulted in two additional criminal history points.

---

[2] The range for Counts One and Three was 63-78 months.  The penalty for Count Two was a statutory mandatory minimum penalty of 60 months, which was required to run consecutively to the sentence imposed on Counts One and Three.  I sentenced Brickhouse to 72 months for each of Count One and Count 3 to run concurrently and 60 months on Count Two, to run consecutively.

[3] In the District Court, Brickhouse was represented by Francis O'Reilly.  In his appeal, Brickhouse was represented by Joseph W. Martini of Pepe & Hazard, LLP.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part

analysis to determine whether a defendant was denied his Sixth Amendment right to counsel.

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel was
> not functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.

*Id.* at 687.

As discussed in further detail below, the issue regarding the computation of Brickhouse's

criminal history points is without merit; accordingly neither prong of *Strickland* is satisfied.  Thus,

the claim of ineffective counsel is meritless.

### A.    Criminal History Computation

The Presentence Report, prepared by Senior U.S. Probation Officer Raymond Lopez and

dated December 4, 2001 ("Presentence Report"), listed Brickhouse's prior criminal convictions.

Presentence Report at ¶¶ 19-23.  Brickhouse's convictions resulted in a subtotal of 10 criminal

history points.  Two additional points were added pursuant to U.S.S.G. § 4A1.1(d) because

Brickhouse committed the instant offense while on probation.  *Id.* at 5.  Another point was added

pursuant to U.S.S.G. § 4A1.1(e) because Brickhouse committed the offense less than two years

following his release from prison on January 19, 2001.  The result was 13 points, which placed

Brickhouse in Criminal History Category VI.

### B.    Criminal History Points

In his petition, Brickhouse argues that his counsel should have objected to two points

being added, pursuant to U.S.S.G. § 4A1.1(d), because Brickhouse was not on probation at the

time of the commission of the current offenses.

Section 54-125a of the Connecticut General Statutes provides that "[a] person convicted .
. . who received a definite sentence . . . of more than two years, and who has been confined under
such sentence . . . for not less than one-half of the aggregate sentence . . . may be allowed to go at
large on parole in the discretion of the panel of the Board of Pardons and Paroles for the
institution in which the person is confined . . . .  The parolee shall, while on parole, remain under
the jurisdiction of the board until the expiration of the maximum term or terms for which the
parolee was sentenced."  According to section 53a-31(a) of the Connecticut General Statutes, "[a]
period of probation . . . where it is preceded by a sentence of imprisonment . . . commences on the
day the defendant is released from such imprisonment."

Brickhouse's argument that he was not on probation fails.  On December 2, 1996,
Brickhouse was arrested for the sale of narcotics in violation of Connecticut state law.
Presentence Report at ¶ 22.  On March 6, 1997, he failed to appear in court in connection with his
December 1996 arrest.  *Id.* at ¶ 23.  On May 6, 1998, he was arrested for his March 1997 failure to
appear.  *Id.*  On July 10, 1998, Brickhouse was convicted and sentenced to seven years in prison,
with three years to serve and three years' probation in connection with his December 2, 1996
arrest and five years in prison, with three years to serve and three years' probation in connection
with his May 6, 1998 arrest.  *Id.*  On November 19, 1999, Brickhouse was released to supervised
parole.  *Id.*  On March 2, 2000, Brickhouse absconded from parole and was returned to custody on
May 3, 2000.  *Id.*  On January 19, 2001, he was discharged from his sentence and probation
commenced.  *Id.*

Brickhouse was not released from the custody of the Board of Parole until January 19,

2001. *Id.* As a result, his 3-year period of probation did not commence until January 2001, so at

the time of his arrest for the current offense on March 22, 2001, he was still well within his 3-year

probation period. *See State v. Waites*, 2004 WL 113563, *3 (Conn. Super. Ct. 2004). Moreover,

even if Brickhouse's probation commenced in November 1999, as he argues, he would still be

within the three-year probation period on March 22, 2001.

        C.      <u>Order to Show Cause</u>

      On April 30, 2008, Senior U.S. Probation Officer Raymond Lopez submitted an affidavit

to this court, certifying that he relied exclusively on Brickhouse's custody records to arrive at the

facts used to calculate Brickhouse's criminal history points. On the same date, I ordered

Brickhouse to show cause why his petition should not be denied on the ground that his criminal

history score was accurately calculated, and specifically, why he was not on probation at the time

he committed the instant offenses. Brickhouse was required to file a response to that order within

45 days and to include the specific facts set forth in the pre-sentence report, and in the Lopez

Affidavit, to which he objected and any evidentiary support for those objections. On June 10,

2008, I received an unsigned, undated letter, which was postmarked June 4, 2008, stating that

Brickhouse wants to terminate the 2255 motion. There has been no other filing from Brickhouse

and the date by which he was to respond to the Order to Show Cause has passed. Thus, the

analysis set forth above is uncontested.

        D.      <u>Impact of *Blakely* and *Booker*</u>

      Brickhouse appears to raise a claim based on *Blakely v. Washington,* 542 U.S. 296 (2004),

and *United States v. Booker,* 543 U.S. 220 (2005). Any such claim fails because the Second

Circuit has held that neither *Blakely* nor *Booker* applies retroactively to cases on collateral review.

*Guzman v. United States,* 404 F.3d 139, 143-44 (2d Cir. 2005); *Green v. United States,* 397 F.3d 101, 102-03 (2d Cir. 2005).

**III.    Conclusion**

For the foregoing reasons, Brickhouse's motion to vacate his sentence (**doc. # 42**) is

**DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of June 2008.

                /s/ Stefan R. Underhill
                  Stefan R. Underhill
                  United States District Judge